## PLAZA AMUSEMENT CO. et al. v. ROTHENBERG et al.

### No. 6752.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1933.

J. H. Currie, J. C. Floyd, of Meridian, Miss., Marcellus Green, Garner W. Green, and F. B. Jackson, all of Jackson, Miss., and Charles Rosen and Stamps Farrar, both of New Orleans, La., for appellants.

R. E. Wilbourn, Albert S. Bozeman, and Ben F. Cameron, all of Meridian, Miss., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This litigation was begun by appellees in an action at law upon two series of notes of appellants that were past due. One series of notes evidenced the monthly rentals reserved upon a 25-year lease of two moving picture theaters in Meridian, Mississippi; and the other the annual amounts payable

as consideration for appellees' good will and agreement not to engage in the moving picture or any other theatrical business in Meridian during the life of the lease. After almost endless pleading back and forth, appellees were restrained temporarily from bringing further suits on notes as they fell due, and by consent of the parties the case was transferred to the equity docket. The trial resulted in a decree for appellees for the full amount of the notes sued on, together with interest and attorney's fees.

At the time the lease was entered into, on July 12, 1923, appellees owned a four-story brick building in Meridian. They had a department store on the first floor, and the Grand Opera House on the upper floors. They also owned a separate building in which they operated the Star Theatre. Appellants operated the only other moving picture theaters in Meridian, three in number, and, being desirous of monopolizing the moving picture business in Meridian, they leased appellees' buildings for a term of 25 years. The rent reserved was $1,000 a month, evidenced by 300 notes each for that amount, one falling due each month. Of the monthly rent, $850 was apportioned to the Grand Opera House, and $150 to the Star Theatre. No repairs were to be made by the lessors except to the roof; the lessees agreeing to keep the premises in good condition. The original lease contained no restriction upon the use of the premises, but a supplemental agreement provided: "It is agreed that said property and premises leased shall be used for theatrical purposes only and cannot be used for any other purpose without written consent of owners of the property." By separate contract, bearing the same date as the lease, appellants agreed to pay $25,000 additional in annual installments, in consideration of which appellees agreed to transfer the good will, custom, and patronage of the Grand Opera House and Star Theatres, and not to engage in Meridian during the life of the lease in the moving picture or any theatrical business. The obligation to pay the additional $25,000 was also evidenced by 25 notes of $1,000 each, one falling due at the end of each year during the life of the lease. Appellants kept up their payments for four years, but in 1927 they leased another building which they converted into a moving picture theater. It was finer and larger than any other theater in Meridian, and had a greater seating capacity than all the others combined. Appellants then set out to get rid of the lease which they had taken from appellees. They complained to the mayor that the Grand Opera House was unsafe, but the city building inspector found otherwise, and the city took no steps to prevent the continuance of performances at that theater. They then notified appellees that the insurers after investigation had issued notice of the cancellation of liability insurance on the Grand Opera House because of its unsafe condition; that the exits provided were not in accordance with building regulations prescribed by the state; that upon consideration of the interests of themselves, of appellees, and of the public, they had concluded that further use of that building for theatrical purposes was impossible. They finally refused to make further payments on either the rent notes or the good will notes, except that they offered to continue to pay $150 a month as rent of the Star Theatre, as to which they did not then claim to have any cause for complaint. Upon suit being brought against them in a state court, they defended on the grounds above stated, and also upon the additional ground that the contract was void because it violated the state anti-trust law. Appellees obtained judgment on both classes of notes for the amount past due at the date of bringing suit. On appeal that judgment was affirmed, 159 Miss. 800, 131 So..350, the Supreme Court rejecting all defenses submitted, and holding that the lessors were under no duty to make repairs; that the premises were suitable for the purposes of the lessees; that the knowledge of the lessors of the purposes for which the lessees leased the premises did not give rise to an implied covenant that the premises were fit for those purposes; that the lessees had the right to put the premises in suitable condition, but must do so at their own expense; that the lessors had no right to impose legal obstacles to the use of the property for the purposes for which it was leased; that the lessors had the right to collect the rent, even though the leased buildings could not legally be used as theaters; and that there was nothing illegal in the provision of the contract which bound appellees not to engage in business in competition with appellants. After this decision, this suit was brought on notes that had fallen due while the former suit was pending.

The Supreme Court of Mississippi in the suit just referred to has settled all questions here involved, unless it be true as appellants contend that an ordinance establishing a building code, adopted in December, 1930, has the effect of making illegal the operation of the leased premises. That ordinance in our opinion applies only to buildings con-

structed after its adoption; for its purpose is declared in section .102 to be to provide for the safety of buildings constructed in the future. But, if it be construed to be retroactive, appellants would still be liable on their contract, because they did not take the precaution to provide against the passage of such an ordinance. 1 Taylor, Landlord and Tenant, § 375; 16 R. C. L. 743. The lease did not provide that the premises could be used only for theatrical purposes; those premises could be used for any legitimate purpose, unless the written consent of the lessors for other legitimate use had been refused. No such refusal is alleged or shown. The lessees could not escape the obligation to pay in the absence of a request by them to use the premises for other lawful purposes.

The decree is affirmed.